## S90A1403. CLEVELAND v. THE STATE.
### (399 SE2d 472)

CLARKE, Chief Justice.

Donnie Cleveland, the former warden of Thomas County Correctional Institute (TCCI), was convicted of three counts of using inmate labor in violation of OCGA § 42-5-37 (a), two counts of theft by taking, and one count of violating his oath of public office. Cleveland was sentenced to a term of years on probation for these offenses.

1. Some months after Cleveland became Warden he changed the locks on the "inmate store" from which TCCI inmates were permitted to make purchases, and began supervising the operation of the store himself. Cleveland directed that money from the store, which previously had been turned over to the TCCI business manager for deposit in the bank, be given to him. The Deputy Warden of TCCI testified that when Cleveland took over the store, he ordered that it be opened every night instead of once a week as had been the previous practice. This witness testified that even with the increased activity in business, there was routinely less money in the inmate store account than before Cleveland took over.

The Deputy Warden also testified that Cleveland had stated when he had been in charge of the inmate store at Decatur Correctional Institute, he had "skimmed off the top for parties." The witness further testified that Cleveland once took $100 from the inmate store account to buy a secretary a coat, and that he personally observed Cleveland take money "once or twice" a week from the account for his personal use.

Numerous witnesses testified that they observed Cleveland take money from the inmate store account for his personal use on a regular basis. No witness ever saw Cleveland replace any of the money.

The business manager of TCCI testified that while business at the inmate store increased and store expenses remained stable, the amount of money in the inmate store account steadily decreased.

An accountant testified on behalf of the state that following an audit of the inmate store account, he concluded that in excess of $6,000 was missing from the account. The witness testified this loss was due to either missing cash or inventory, but could not conclusively determine which.

Under the foregoing evidence a rational trier of fact could have found the defendant guilty of theft by taking beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The state also alleged that Cleveland committed the crime of theft by taking by retaining the proceeds of a check intended for the county.

The record shows that Cleveland was recruited by the county manager of Thomas County to help in arranging a party for county officials. A private corporation had agreed to reimburse the county for party expenses. Cleveland paid for some of the items from the inmate store account and charged the rest to the county. The corporation made out the reimbursement check for the full amount of the expenses in Cleveland's name. Cleveland cashed the check and reimbursed the county for a portion of the expenses incurred. However, the county was billed for and paid for certain expenses covered by the reimbursement check which Cleveland did not tender to the county.

We hold the jury was authorized to find Cleveland guilty of theft by taking for failing to remit these sums which he was aware were due the county. *Jackson v. Virginia*, supra.

3. Likewise, the evidence was sufficient under *Jackson v. Virginia* to support Cleveland's conviction for violation of his oath of public office. OCGA § 42-5-31.

4. Cleveland argues that OCGA § 42-5-37 (a) is unconstitutionally vague. This Code section provides, in pertinent part,

No warden . . . who has charge, control, or direction of inmates shall be interested in any manner whatever in the work or profit of the labor of any inmate. . . .

To withstand a vagueness challenge, "all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" *Roth v. United States*, 354 U. S. 476, 491 (77 SC 1304, 1

LE2d 1498) (1957).

It is commonly understood that a warden will have a permissible interest in the performance of labor by inmates under his control as that labor benefits the county or state. The clear meaning of the statute is that a warden may not receive a personal interest or benefit from the labor of inmates under his control. Therefore OCGA § 42-5-37 (a) is not void for vagueness.

Nor are we persuaded by Cleveland's argument that the county benefited from the inmate labor in question, and therefore Cleveland did not violate the statute by directing inmates to perform this work. We are unable to conclude that the county received any benefit from having inmates walk Cleveland's dogs, wash his dishes or care for his children. See Division 5, infra.

5. As Warden of TCCI, Cleveland was permitted to live rent-free in a house located on county property. The record shows that Cleveland routinely used TCCI inmates to perform personal housekeeping chores at this home, as well as to walk his dogs and clean the dog pens, baby-sit his children, and wash his personal vehicles. Inmates who refused to perform these chores were punished. The extensive evidence that Cleveland directed inmates to perform labor for his personal benefit supports his convictions for violating OCGA § 42-5-37 (a) beyond a reasonable doubt. *Jackson v. Virginia*, supra.

6. The indictment provided the defendant with sufficiently specific knowledge of the charges he faced. Therefore, the trial court did not err in overruling the defendant's demurrers to the indictment. OCGA § 17-7-54.

7. We have examined the defendant's remaining enumerations of error, and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1991 —
RECONSIDERATION DENIED FEBRUARY 6, 1991.

*Smith, Perry & Epps, Ralph C. Smith, Jr.,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.